# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCUS MILLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17−cv−1101−SMY |
| ) | |
| **LARSON,** ) | |
| **DEBBIE ISAACS,** ) | |
| **JOHN/JANE DOE 1,** ) | |
| **JOHN/JANE DOE 2,** ) | |
| **JOHN/JANE DOE 3,** ) | |
| **JOHN/JANE DOE 4,** ) | |
| **JOHN/JANE DOE 5,** ) | |
| **JOHN/JANE DOE 6,** ) | |
| **JOHN/JANE DOE 7,** ) | |
| **JOHN/JANE DOE 8,** ) | |
| **JOHN/JANE DOE 9, and** ) | |
| **WEXFORD** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marcus Miller, an inmate at Centralia Correctional Center, brings this action for deprivations of his constitutional rights, pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Plaintiff saw Dr. Larson on December 15, 2016, at which time Larson renewed his medication. (Doc. 1, p. 9). The 3-11 shift nurse gave Plaintiff his medication six (6) days later, including a pill that Plaintiff did not recognize. (Doc. 1, pp. 9, 18). The nurse told Plaintiff that she had double checked the orders before coming to pass out medication and confirmed that Larson had ordered Clonidine .4 mg for high blood pressure. *Id.* Plaintiff took the medication. *Id*.

Later that evening, Plaintiff experienced dizziness and vomiting. *Id*. When the nurse came around to pass out medication the next morning, Plaintiff told her about his symptoms. *Id.*

The nurse responded that sometimes the body takes a few days to adjust to new medication. *Id*. Plaintiff continued with the new medication. *Id*. He continued to experience dizziness and vomiting. *Id*. He also complained to the nursing staff and wrote sick call slips. *Id*.

Plaintiff began refusing the medication on January 1, 2017. (Doc. 1, pp. 9, 19). The nurses told him that it was likely he was either given too much medication, or was experiencing an interaction between medications. (Doc. 1, p. 10). Two of the nurses put in requests for Plaintiff to see the doctor. *Id.*

When Plaintiff saw Dr. Larson again on January 9, 2017, he asked about the medication. *Id*. Dr. Larson reviewed Plaintiff's chart and told him that he had not ordered Clonidine. *Id*. He told Plaintiff that the pharmacist had misread his handwriting and ordered the wrong medication. *Id*. Larson discontinued the medication that day and prescribed Tylenol and Pepto to address Plaintiff's complaints of dizziness and vomiting. *Id*.

Plaintiff alleges that he continues to experience dizziness and nausea to the present day, but that Dr. Larson has declined to prescribe further treatment and told Plaintiff that it was all in his head. *Id*. Plaintiff wrote a grievance to Debbie Isaacs, complaining about the failure to treat his dizziness and nausea, but received no response. *Id*. Plaintiff also had a urinary infection in January and February 2017, which he believes might be related to the improper medication. (Doc. 1, p. 11).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

**Count 1** – Larson and Isaacs were deliberately indifferent to Plaintiff's dizziness and nausea from January 2017 until the present in violation of the Eighth Amendment;

**Count 2** – Larson, John/Jane Does #1-9, and Wexford were deliberately indifferent to the erroneous medication order in violation of the Eighth Amendment between December 15, 2016 and January 9, 2017;

**Count 3** – John/Jane Doe #1 was negligent in violation of state law when he or she misinterpreted the doctor's orders causing Plaintiff to receive the incorrect medication for more than 3 weeks.

*Count 1*

As to Count 1, a prison official subjects an inmate to cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to the inmate's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff alleges that even after Dr. Larson corrected the medication error, he has continued to experience episodes of dizziness and nausea. However, the Complaint is silent on the frequency, duration, and the timing of the episodes, and Plaintiff does not allege that the

episodes interfere with his daily activities. Additionally, dizziness and nausea do not cause chronic or substantial pain. Plaintiff has also not alleged that any physician has diagnosed his condition as requiring treatment. For these reasons, Plaintiff has failed to state a plausible deliberate indifference claim against Dr. Larson.

Likewise, as Plaintiff has not adequately pleaded that his intermittent dizziness and nausea constitute a serious medical need, he also fails to state a claim against Defendant Debbie Isaacs. Moreover, Plaintiff's assertion that he wrote a request to Issacs does not establish that Isaacs knew of any facts from which she could infer that a substantia risk of serious harm to Plaintiff existed.

*Count 2*

Plaintiff has also failed to state a claim for deliberate indifference in Count 2. Even assuming that receiving unnecessary medication constitutes a serious medical need, Plaintiff has not adequately alleged that any of the defendants were deliberately indifferent. Plaintiff acknowledges that when he saw Dr. Larson on January 9, 2017, Larson immediately took steps to rectify the medication error – he discontinued the Clonidine and prescribed treatment for Plaintiff's symptoms. Plaintiff does not allege that Larson knew about the error prior to that date. On these facts, Larson could not have been deliberately indifferent to the medication error.

As to the pharmacist (John/Jane Doe #1), Plaintiff does not claim that Doe #1 knew he was not supposed to receive Clonidine. Rather Plaintiff alleges that Larson told him that Doe #1 misread Larson's handwriting and mistakenly ordered the drug. This conduct could amount to negligence, which the Court will address further in its discussion of Count 3. But absent an allegation that Doe #1 actually knew that Clonidine was not appropriate for Plaintiff but

provided it anyway, Plaintiff has not adequately stated a claim for deliberate indifference against this defendant.

Plaintiff's pleadings as to John/Jane Does # 2-9 are also inadequate. While a plaintiff may use the "John Doe" designation to refer to specific individuals whose names are unknown, merely asserting that groups of medical providers violated an inmate's constitutional rights runs afoul of the *Iqbal/Twombly* pleading standards. *See, Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Instead, a plaintiff must make plausible allegations against *individuals* (emphasis added). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). That is, Plaintiff may not know the name of individual defendants, but he must describe the "who, what, why, where, and how" that form the basis of the claim against that person.

Relatedly, none of the conduct ascribed to the nurses constitutes deliberate indifference. Plaintiff alleges that he questioned the medication the first time it was provided, and the nurse confirmed that she had double-checked his order. This allegation alone is insufficient to state a viable deliberate indifference claim. Plaintiff alleges that the other nurses discussed his symptoms with him, and told him that sometimes it takes time for the body to adjust to new medication. He also alleges that more than one nurse put in a sick call slip over the new medication. None of this conduct describes deliberate indifference. As currently pleaded, Plaintiff has failed to state a claim against the med-line nurses.

Plaintiff has also named Wexford as a defendant. For purposes of § 1983, the courts treat "a private corporation acting under color of state law as though it were a municipal entity." *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)).

Here Plaintiff has not alleged that any defendant acted pursuant to a Wexford policy or custom. As such, he has stated no claim. For the above reasons, **Count** 2 will be dismissed without prejudice for failure to state a claim.

### *Count 3*

In Count 3, Plaintiff has alleges that the pharmacist was negligent when he or she misread the doctor's handwriting. Negligence is a state-law claim. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). While this Court has supplemental jurisdiction over this state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified

health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2017). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

Here, Plaintiff has failed to file the necessary affidavits or reports. Therefore, his state law negligence claim will be dismissed without prejudice. Plaintiff shall be allowed 90 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should

Plaintiff fail to timely file the required affidavits/certificates, the dismissal of **Count 3** may become a dismissal **with prejudice.** *See* Fed. R. Civ. P. 41(b).

**Disposition**

**IT IS HEREBY ORDERED** that **Counts 1 and 2** are **DISMISSED without prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claim(s) in **Count 3** against Defendant John/Jane Doe #1, Plaintiff shall file the required affidavit(s) pursuant to 735 Ill. Comp. Stat. §5/2-622, within 90 days of the date of this order (on or before March 6, 2018). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **Count 3** may become a dismissal **with prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his deliberate indifference claims in **Counts 1-2** (on or before January 3, 2018). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice.

Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: December 6, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**