**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARCUS MILLER,** )<br> )<br>    **Plaintiff,** )<br> )<br>vs. )<br> )<br>**LARSON,** )<br>**DEBBIE ISAACS,** )<br>**JOHN/JANE DOE 2,** )<br>**JOHN/JANE DOE 3,** )<br>**JOHN/JANE DOE 4,** )<br>**JOHN/JANE DOE 5,** )<br>**JOHN/JANE DOE 6,** )<br>**JOHN/JANE DOE 7,** )<br>**JOHN/JANE DOE 8,** )<br>**JOHN/JANE DOE 9, and** )<br>**DAVID HERMETZ** )<br> )<br>    **Defendants.** )<br> ) | Case No. 17−cv−1101−SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marcus Miller, an inmate in Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at Big Muddy River Correctional Center. Plaintiff requests declarative relief and punitive and compensatory damages. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Amended Complaint

Plaintiff originally brought suit on October 13, 2017. (Doc. 1). The Court screened the case pursuant to § 1915A on December 6, 2017 and dismissed the Complaint without prejudice with leave to amend. (Doc. 8). Plaintiff filed the Amended Complaint on February 26, 2018. (Doc. 11).

Plaintiff submitted a "Notice of Compliance" with his Amended Complaint alleging that the amended paragraphs 9-42 "reflect the actions of the named defendants," and that he

submitted an affidavit in connection with Count 3, as previously required by the Court. (Doc. 11-1, p. 1). However, Plaintiff's statement of claims is almost identical to his earlier Complaint; he alleges many of the same facts. To wit: Plaintiff saw Dr. Larson on December 16, 2016. (Doc. 11, p. 2). As a result of that visit, his medication was changed. *Id*.

The Amended Complaint omits the date Plaintiff first received the medication, Clonidine, but the original Complaint states that it was December 21, 2016. (Doc. 1, pp. 9, 18). Plaintiff balked at the new prescription, but the nurse confirmed that the prescription was accurate and Plaintiff took it on her advice. (Doc. 11, pp. 2-3). As a result of the new medication, Plaintiff experienced dizziness and vomiting. *Id*. After his symptoms persisted, he stopped taking the medication. *Id*. Again, the Amended Complaint omits the date Plaintiff stopped taking the medication, but Plaintiff's original Complaint alleges that he stopped the medication on January 1, 2017 – 11 days after it was first administered. (Doc. 1, pp. 9, 19).

Plaintiff did not see Dr. Larson until the following week (on January 9, 2017). (Doc. 11, p. 3), (Doc. 1, pp. 10, 19). Larson recognized that the Clonidine was a mistake, discontinued it, and prescribed medication to manage Plaintiff's symptoms from the Clonidine. (Doc. 11, pp. 3-4). Larson also suggested that the pharmacist misread his handwriting. *Id*.

Plaintiff alleges that he continues to experience dizziness and nausea to this day, and that Larson was deliberately indifferent to those symptoms until he was transferred out of Big Muddy. (Doc. 11, p. 4). He also alleges that Isaacs, the Health Care Unit Administrator, responded to a grievance regarding the failure to treat the dizziness and the nausea by falsely claiming that Plaintiff had not complained about dizziness or nausea since January 9, 2017. *Id*.

The Amended Complaint adds claims against David Hermetz, the grievance officer at Big Muddy, for denying Plaintiff's grievance and delaying his response. (Doc. 11, pp. 2, 4-5).

## Discussion

Previously, the Court divided the case into 3 Counts. Plaintiff's Amended Complaint asserts 3 Counts, which are slightly different then the Counts the Court originally identified:

**Count 1** – Larson and Isaacs were deliberately indifferent to Plaintiff's condition by failing to insure that their subordinates ordered the correct medication, implementing a system to prevent ordering prisoners the wrong medication, and improperly treating Plaintiff for overdosing on Clonidine;

**Count 2** – Defendants John/Jane Doe were deliberately indifferent to Plaintiff's medical needs by their reckless handling of Defendant Larson's medication order, causing Plaintiff to be overdosed on Clonidine;

**Count 3** – Hermetz was put on notice via Plaintiff's detailed grievance of the improper medication problem, which he forwarded to Isaacs. Hermetz and Isaacs were deliberately indifferent to Plaintiff's serious medical need because Plaintiff's grievances went unheard for an extended period of time and when Hermetz reviewed them, Plaintiff had already been overdosed on the wrong medication.

Plaintiff's Amended Complaint fails to state a claim. As an initial matter, Plaintiff has done little more than re-state his previous allegations, which the Court found insufficient. Generally, an amended complaint that states the same facts using different language will be futile. *Garcia v. City of Chicago*, *Ill.*, 24 F.3d 966, 970 (7th Cir. 1994). In other words, resubmitting a Complaint that was previously found not to state a claim will seldom result in a viable lawsuit. As discussed below, the Amended Complaint is problematic for other reasons.

### Count 1

As to Count 1, while Plaintiff alleges that Isaacs and Larson failed to adequately supervise their subordinates, he does not allege that Larson or Isaacs supervise the pharmacist responsible for the mistake. Regardless, an inmate Plaintiff may not seek to hold an individual liable for the actions of subordinates based on respondeat superior liability. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville*

*v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Thus, Larson and Isaacs cannot be held responsible for the negligence of their subordinates.

As to Plaintiff's allegation that Isaacs and Larson were deliberately indifferent to his symptoms, the Court's previous Order found that Plaintiff did not present sufficient facts to make it plausible that his persistent dizziness and nausea constituted a serious medical need. Because Plaintiff has not submitted any further facts on this point, the Court will once again dismiss this claim.

**Count 2**

Count 2 asserts claims against John/Jane Doe employees. The Court's previous Order found that Plaintiff's use of the "John/Jane Doe" designation was too vague because he had done nothing more than establish the mere possibility that someone harmed him. The Court specifically instructed Plaintiff that, while he may not know names, he must describe the "who, what, why, where, and how" that form the basis of his claim against a person. Nevertheless, rather than identify his John/Jane Doe's more specifically in the Amended Complaint, Plaintiff's reference to them is even more vague. He has eliminated the numbering used in the original Complaint, and he no longer refers to the pharmacist as "John Doe 1." As a result, it is impossible to determine whether Plaintiff is discussing the pharmacist or the nurses at any given time. Because Plaintiff has not corrected the pleading deficiencies as to his claims against the John/Jane Doe defendants, the Court will once again dismiss Count 2.

### Count 3

Arguably, Count 3 was not present in the original Complaint. In Count 3 of the Amended Complaint, Plaintiff alleges that Hermetz and Isaacs were deliberately indifferent because they delayed reviewing his grievance. Additionally, Plaintiff's statement of claim strongly implies that if Hermetz had reviewed his grievance earlier, Plaintiff would not have received the improper medication. But there is no basis for this assertion.

Clonidine was discontinued on January 9, 2017. (Doc. 1, pp. 9, 19). The grievance that Plaintiff submitted to Hermetz is dated January 12, 2017, three days after the prescription was discontinued. The full grievance, which was submitted with the original Complaint, describes the January 9, 2017 doctor's visit at which Clonidine was discontinued. (Doc. 1, p. 19). Thus, Plaintiff's exhibits show that the course of events was completed by the time he brought it Hermetz's attention. Moreover, Plaintiff's filings show that Hermetz investigated and replied to his grievance. He did not look the other way or ignore Plaintiff's problem. On these facts, Hermetz could not have been deliberately indifferent to a serious medical need. Plaintiff's claims against him will therefore be dismissed with prejudice.

### Claim Against John Doe Pharmacist

The Court also construed the original Complaint as asserting a medical negligence claim against the John Doe pharmacist. On that basis, the Court instructed Plaintiff to comply with 735 Ill. Comp. Stat. § 5/2-622(b) by submitted an affidavit and report of merit. While Plaintiff has attached an affidavit, purportedly to comply with § 5/2-662, his statement of claim clearly brings all 3 Counts under a deliberate indifference theory of liability under the Eighth Amendment. The Court therefore construes the Amended Complaint as abandoning any state-law negligence claim.

## Conclusion

For the foregoing reasons, the Court finds that the Amended Complaint states no colorable claim. As Plaintiff has had an opportunity to amend his complaint pursuant to Fed. R. Civ. P. 15, and has not provided additional facts showing that he is entitled to relief, the Court presumes that he cannot. Accordingly, this case will thus be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. This shall count as one of Plaintiff's "strikes" for the purposes of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to close this case and enter judgment.

**IT IS SO ORDERED.**

**DATED: June 4, 2018**

                                          **Staci M. Yandle**
                                          **U.S. District Judge**