# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS MILLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-cv-1101-SMY |
| DR. LARSON | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is now before the Court on remand from the United States Court of Appeals, Seventh Circuit. Plaintiff filed this civil rights action pursuant to 28 U.S.C. § 1983 for events that occurred while he was incarcerated at Big Muddy Correctional Center. The appellate court's Mandate issued on January 7, 2019 (Doc. 21) affirmed in part and reversed in part this Court's June 4, 2018 dismissal of Plaintiff's constitutional claims. (Doc. 12). Specifically, the Seventh Circuit found that Plaintiff had stated a cognizable Eighth Amendment claim against Defendant Larson on two theories: 1) Larson was deliberately indifferent to the risk posed by the pharmacist misreading his handwriting, and 2) Larson was deliberately indifferent to Plaintiff's continuing symptoms resulting from improper medication. However, the Seventh Circuit affirmed the dismissal of Defendants Isaacs, Hermetz, and John/Jane Doe nurses and/or pharmacist.

On remand, Plaintiff's claim against Larson for deliberate indifference to the risk posed by the pharmacist misreading his handwriting in violation of the Eighth Amendment shall be

1

designated as Count 1, and Plaintiff's deliberate indifference claim against Larson for failure to treat his persistent symptoms resulting from improper medication shall be designated as Count 2.

## Disposition

**IT IS HEREBY ORDERED** that, pursuant to the Mandate of the Court of Appeals, this Court's June 5, 2018 Judgment (Doc. 13) is **VACATED** and the case is **REOPENED.**

**IT IS FURTHER ORDERED** that, pursuant to the Mandate of the Court of Appeals, this Court's June 4, 2018, Order (Doc. 12) is **VACATED IN PART**, in that the claims designated above as **Counts 1 and 2** remain on remand; Plaintiff's claims against Defendants Isaacs, Hermetz, and John/Jane Doe remain dismissed.

In light of the Mandate of the Court of Appeals, the portion of this Court's June 5, 2018, Order (Doc. 12) assessing a "strike" against Plaintiff under 28 U.S.C. § 1915(g) for the dismissal of this case is also **VACATED.**

The Clerk of Court shall prepare for Defendant **Larson**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/8/2019**

s/ STACI M. YANDLE
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendant(s) have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendant(s) notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.