IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARCUS MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-1101-SMY-RJD |
| | ) | |
| DR. LARSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**DALY, Magistrate Judge:**

The matter has been referred to United States Magistrate Judge Reona J. Daly by United States District Judge Staci M. Yandle pursuant to 28 U. S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Order to Show Cause (Doc. 28).  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and that Plaintiff's case be dismissed for failure to prosecute.

**FINDINGS OF FACT**

Plaintiff Marcus Miller, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy").  He is currently proceeding on the following counts:

Count 1: Deliberate indifference claim against Defendant Larson for the risk posed by the pharmacist misreading his handwriting in violation of the Eighth Amendment;

Count 2: Deliberate indifference claim against Defendant Larson for failure to treat persistent symptoms resulting from improper medication.

On October 13, 2017, Plaintiff filed a Complaint (Doc. 1).  On December 6, 2017, the

Court instructed Plaintiff to file an Amended Complaint to support his deliberate indifference claims in Counts 1-2 (Doc. 8). On February 26, 2018, Plaintiff filed an Amended Complaint (Doc. 11). On June 5, 2018, the Court dismissed Plaintiff's case with prejudice for failure to state a claim upon which relief could be granted (Doc. 12). On June 18, 2018, Plaintiff filed a Notice of Appeal (Doc. 14). On January 7, 2019, the Court of Appeals ordered that the dismissal be vacated, and the case remanded (Doc. 23-1). On January 8, 2019, the Court entered an Order vacating the judgment and reopening the case (Doc. 24). The Order was sent to Plaintiff at Centralia Correctional Center, the most recent address provided by Plaintiff. The mail was returned as undeliverable and the Court was notified Plaintiff was released on parole in August 2018. Plaintiff was instructed to notify the Court of any change in address within seven days (Doc. 5). More than six months have passed, and Plaintiff has failed to provide his current address to the Court. On January 29, 2019, the Court entered an Order to Show Cause and warned Plaintiff that his case could be dismissed if he failed to respond and provide a current address by February 12, 2019. Plaintiff filed no response.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Under Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Though dismissal is left up to the discretion of district courts, courts are strongly encouraged to provide an explicit warning before a case is dismissed; especially where the litigant is *pro se*. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

Plaintiff has repeatedly exhibited disregard for this Court's Orders. Specifically, Plaintiff was ordered to notify the Court of any change in address and has not done so. Additionally, Plaintiff has failed to file a response to the Order to Show Cause. Plaintiff's inaction demonstrates a clear record of delay and contumacious conduct that is needlessly delaying this litigation. It is apparent that Plaintiff has lost interest in litigating this matter against this defendant.

### RECOMMENDATIONS

Based upon a review of the record and upon consideration of the applicable law, it is recommended that this case be **DISMISSED WITH PREJUDICE** for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).

**DATED: March 22, 2019**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**